IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**JAMIL INGRAM,**

    **Petitioner,**

v.                                                      **Case No. 5:24-cv-00447**

**FCI BECKLEY WARDEN,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On August 23, 2024, Petitioner Jamil Ingram (hereinafter "Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas pursuant to 28 U.S.C. § 2241. (ECF No. 1). Currently pending is Petitioner's Writ for Habeas Corpus, (ECF No. 1), and his Motion to Amend his Petition, (ECF No. 6). Respondent has also filed a Response to the Court's September 16, 2024, Order, (ECF No. 10), and Petitioner filed a reply brief to the Response, (ECF No. 12). This matter is assigned to the Honorable Frank W. Volk, United States Chief District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 3, 5).

For purposes of this matter and recommending disposition, it is hereby **ORDERED** that the Petitioner's Motion to Amend his Petition is **DENIED** as **MOOT**. (ECF No. 6). Further, because Petitioner has been released from custody, the undersigned respectfully **RECOMMENDS** that Petitioner's § 2241 petition be **DENIED** as **MOOT**,

1

(ECF No. 1) and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I. Relevant History

When Petitioner filed his Petition, he was an inmate designated by the Federal Bureau of Prisons ("BOP") to serve his sentence at FCI Beckley. (ECF No. 10 at 1). He filed this action challenging the BOP's classification of his recidivism risk level as Medium. (ECF No. 1 at 2). In his Motion to Amend, Petitioner clarified that he believed his release date should have been July 27, 2024. (ECF No. 6). Respondent filed a Response to the Court's September 16, 2024, Order, stating that Petitioner was not entitled to the relief sought because he failed to exhaust his administrative remedies, because his reliance on the *Loper Bright* decision is misplaced, because Petitioner's PATTERN score was correctly calculated, and because Petitioner's claims were not ripe. (ECF No. 10 at 1-2). Petitioner filed a reply on December 19, 2024. (ECF No. 12). Petitioner was ultimately released from custody[1] on April 17, 2025, so the undersigned need not address the arguments raised in Respondent's Response or Petitioner's Reply.

## II. Discussion

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is

---

[1] See https://www.bop.gov/inmateloc/

2

decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Though neither party raised the issue in their filings, the question of mootness may be raised *sua sponte* by the Court given that "mootness goes to the heart of the Article III jurisdiction of the courts." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir.1997); *see also Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir. 2002). Therefore, when a petitioner, while incarcerated, files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief

3

> permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Petitioner does not challenge his conviction; rather, he claims that he was entitled to a lower recidivism risk level assessment, entitling him to time credits that would advance his release date from prison. (ECF No. 1). Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Petitioner will face the same set of sentencing circumstances in the future. For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

### III.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** as **MOOT**; and

2. This case be removed from the Court's docket.

Petitioner is notified that the "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States Chief District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** May 13, 2025



_____
Joseph K. Reeder
United States Magistrate Judge