UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

JAMIL INGRAM,

      Petitioner,

v.                                             CIVIL ACTION NO. 5:24-cv-00447

FCI BECKLEY WARDEN,

      Respondent.

**ORDER**

      Pending is Petitioner Jamil Ingram's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed August 23, 2024. This action was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Reeder filed his PF&R on May 13, 2025. Magistrate Judge Reeder recommended that the Court dismiss Mr. Ingram's Petition as moot given his release from custody, dismiss this matter with prejudice, and remove it from the docket.

      The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's

findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 30, 2025. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 13**], **DISMISSES AS MOOT** Mr. Ingram's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**] and **REMOVES** the matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: June 10, 2025



Frank W. Volk
Chief United States District Judge

---

[1] On May 13, 2025, a copy of the PF&R was mailed to Mr. Ingram at FCI Beckley but was returned as undeliverable on June 9, 2025. [ECF 14]. At this writing, the Bureau of Prisons' Inmate Locator indicates Mr. Ingram was released from custody on April 17, 2025. Inasmuch as Mr. Ingram has failed to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, this matter is ripe for adjudication.